**In the United States District Court
for the
Western District of Texas**

| | | |
|---|---|---|
| **DAVID C. WINKLER** | § | |
| | § | |
| **v.** | § | |
| | § | SA-07-CR-253-XR |
| **UNITED STATES OF AMERICA** | § | SA-12-CV-713-XR |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed November 1, 2012 (docket no. 177) and Plaintiff's objections thereto (docket no. 182). After careful consideration, the Court will accept the Report and Recommendation and deny Winkler's motion to vacate sentence.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. See 28 U.S.C. § 636(b)(1) (A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires de novo review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. Inasmuch as Winkler has filed objections to the Report and Recommendation, this Court has examined the entire record and made an independent assessment of the law. The Court need

not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature.  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

In this challenge to his conviction for receipt and possession of child pornography, Winkler alternatively argues that his wife is responsible for the child pornography on his computers, that his wife may have "hacked" his mother's computer, or that some unknown third-party "hacked" his home and office computers, resulting in the deposit of child pornography on those computers.  To support these alternative claims he argues that he must again be given access to write-protected copies of the various computer hard drives so that a new expert, Tami Loehrs, may conduct a new examination.  The Court notes that Winkler's original computer forensics expert was provided this access pre-trial by the Government.

Winkler's original expert was Joseph Castille.  Winkler complains now that Castille misled him and his trial defense team regarding his qualifications and expertise.  The day before Castille was to testify at trial, the Government informed the defense team that they became aware that Castille had been impeached in another federal court the week prior with evidence that he had falsified a record and had made false statements on his bar application.  On the day he was expected to testify in this case, he did not arrive to the courthouse as scheduled and when contacted by defense counsel, one defense attorney noted that "he appeared to have suffered an emotional collapse, rendering him essentially incapable of testifying."  The defense did not request a continuance or move for mistrial.

For the reasons specified in the Magistrate Judge's thorough Report and Recommendation, Winkler's ineffective of assistance claims must be denied.  The decision by trial defense not to call Castille as an expert witness was a strategic decision by defense counsel. Winkler's objection that he was denied due process because of the "unforeseen circumstances"

lacks merit. Trial defense counsel engaged in an extensive cross-examination of the Government's computer forensics expert. If Castille's version of events is to be believed, he was ready and able to testify and the defense team made the strategic decision not to call him to the stand. Also, as noted by the Magistrate Judge, the defense team was contemplating not calling Castille, even prior to the Government's disclosures regarding Castille.

With regard to his ineffective assistance claim arguing that his defense team should have questioned Castille's pre-trial work based on the quality of his reports, that claim is conclusory. Likewise, Winkler's claim that Castille misrepresented himself to the defense team is conclusory. Winkler fails to establish what representations were made by Castille and how they were allegedly false. Winkler presents no competent evidence to suggest that Castille did not perform the computer forensics examination he referenced in his reports.

With regard to his claim of "newly discovered evidence", any suspicion that Mrs. Winkler was responsible for the child pornography was known to the defense team and Winkler prior to his trial.

Finally, Winkler relies upon *Drake v. Portuondo*, 321 F.3d 338 (2d Cir. 2003) for the proposition that "denial of a defendant's right to present a meaningful defense is a cognizable constitutional claim in habeas corpus." The facts of *Drake* are wholly different from this case. In *Drake*, the Government added a new expert, Walter, in the middle of trial. The defense requested a continuance to find an expert to rebut the testimony. The motion for continuance was denied. Years later Drake discovered that the Government's witness, Walter, had lied about his credentials. Thereafter, Drake filed his motion to vacate his conviction. The Second Circuit considered the refusal to grant the continuance. As noted above, no motion for continuance was made in Winkler's trial. The Second Circuit noted that "scheduling is a matter that is of

necessity committed to the sound discretion of the trial court", and Drake failed to identify any Supreme Court authority that would command either the two-week continuance in a jury trial, or a new trial by reason of its denial. "Of course, the state trial court could have provided a shorter continuance than the two weeks Drake sought; but it does not appear to be an unreasonable application of federal constitutional law to fail to provide a shorter continuance than requested." *Id.* at 344. Again, in Winkler's case no motion for continuance or mistrial was raised. Further, it was not ineffective assistance for the defense team to refuse to request a continuance. The defense team chose not to call Castille, vigorously cross-examined the Government's expert and Winkler chose to take the stand in his own defense and argued that his home and office computers were "hacked" by some third party and that was how the child pornography was deposited into his computers. The jury chose to disbelieve his version of events.

The remainder of *Drake* addressed claims for wrongful conviction based upon the perjured testimony of Walter, a government expert witness. No government witness in Winkler's trial is alleged to have provided false testimony.

With regard to Winkler's objections (docket no. 181) to the Magistrate Judge's denial of Winkler's request for discovery (renewed access to the computer hard drives for re-examination by a new expert), for the reasons stated by the Magistrate Judge and considered de novo above, those objections are overruled. Essentially Winkler seeks renewed access to the computer hard drives in an effort to establish that Castille failed to properly inspect the hard drives. Winkler, however, simultaneously relies upon Castille for the claim that he was ready for trial and should have been called to the witness stand by his trial counsel. Winkler is not entitled to conduct discovery in a habeas case to investigate speculative and conclusory claims that his original

expert witness did not conduct the necessary forensic investigation of the computer hard drives in question.

A section 2255 habeas petitioner may "invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *U.S. v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004). "A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief...." *Id*. at 801-802. "Conclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact." *Id*. at 802.

Winkler has failed to tender specific allegations to demonstrate that he is entitled to discovery. He merely speculates that his original expert failed to conduct an adequate inspection of the hard drives. *See Lave v. Dretke*, 416 F.3d 372, 380-81 (5th Cir. 2005). Accordingly, good cause has not been shown that authorizes a re-examination of the computer hard drives.

## Conclusion

The Court accepts the Report and Recommendation and denies Winkler's motion to vacate sentence (docket no. 166).

SIGNED this 3rd day of January, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE